UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GREGORY ARNEZ GOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1243-JDT-cgc |
| ) | |
| BILLY WAYNE MOORE, ) | |
| ) | |
| Defendant. ) | |

ORDER TO COMPLY WITH 28 U.S.C. § 1915(a),
DISMISSING CASE, AND
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

On October 26, 2020, Plaintiff Gregory Arnez Goff, who is incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a *pro se* civil complaint against Billy Wayne Moore. However, Plaintiff neglected to either pay the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or submit an proper application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in

installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, both an *in forma pauperis* affidavit and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2). Plaintiff must provide the Court with the proper financial documentation before pauper status can be granted.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

2

R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Goff alleges that "[f]or the last two years" Defendant Moore "has been slandering my name, on the radio in Jackson T.N. (Community Feed Back) and on face book through his family and friends. He's been calling me a robber and murder[er]." (ECF No. 1 at PageID 4.) Goff states he has "been threatened, can't or couldn't find work[,] the public beg[a]n to discriminate against me." (*Id.* at PageID 5.) He contends he has suffered "extreme" mental abuse and was violently attacked while in jail by "people I didn't even know." (*Id.*) Goff seeks a public apology and $300,000 in damages from Defendant Moore. (*Id.*)

Though he filed his complaint on the form used for commencing a federal civil rights action, Goff's only allegation is that he was slandered by Defendant Moore. (ECF No. 1 at PageID 4-5.) However, defamation claims for libel and/or slander arise solely

under state law.  "Federal courts are courts of limited jurisdiction.  Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve."  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (jurisdiction of the federal courts "is not to be expanded by judicial decree").  "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam).  Rule 8(a)(1) of the Federal Rule of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."  In addition, Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

There are two kinds of federal jurisdiction.  First, federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As Goff clearly states that he is suing the Defendant for slander, a claim arising under Tennessee law, there is no federal question jurisdiction in this case.

Second, federal jurisdiction may be based on diversity of citizenship, meaning it applies to cases between "citizens of different states."  28 U.S.C. § 1332(a)(1).  Diversity

4

of citizenship is present where the plaintiff is a citizen of one state and the defendant or defendants are citizens of other states, plus the amount in controversy in the case is more than $75,000.  *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013).

Goff has not alleged that diversity of citizenship is present in this case.  He does not allege either his own citizenship or that of Defendant Moore.[1]  The complaint indicates only that Goff is incarcerated in Pikeville, Tennessee;[2] the Defendant's address is given as Jackson, Tennessee. Goff therefore has not sufficiently alleged that this Court has jurisdiction to hear his claim for slander.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE in its entirety for lack of subject matter jurisdiction.  It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), that an appeal by Goff in this case would not be taken in good faith.

Notwithstanding the dismissal of this case, Goff is ORDERED to submit, within 21 days after the date of this order, **on or before November, 17, 2020**, a properly completed

---

[1] Current residence in a particular state is not always the same as being a citizen of that state.  Citizenship is based on domicile, which requires that a person "be physically present in the state *and* must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere."  *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (emphasis added).

[2] There is a presumption that a prisoner retains his prior citizenship while incarcerated. *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *see also Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).  However, Goff does not allege that his citizenship is in a state other than Tennessee notwithstanding the fact he is imprisoned here.

5

and signed prisoner *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months.  If he does not do so, the Court will deny leave to proceed *in forma pauperis* and assess the entire $400 filing fee[3] from his inmate trust account without regard to the PLRA's installment procedures.

      The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                      s/ **James D. Todd**
                                      JAMES D. TODD
                                      UNITED STATES DISTRICT JUDGE

---

[3] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires the Court to collect an administrative fee of $50 for filing any civil case.  That additional $50 fee will not apply if Donald is granted leave to proceed *in forma pauperis*.